**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

JUAN DE LA TORRE PADILLA,

Petitioner,

v.

TODD BLANCHE, *et al.*,

Respondents.

Case No. 2:26-cv-02945-RFB-NJK

**ORDER GRANTING WRIT OF HABEAS CORPUS**

Before the Court is Petitioner Juan De La Torre Padilla's Petition for Writ of Habeas Corpus. See Pet., ECF No. 1-1 (September 14, 2026). Through the Petition and subsequent pleadings, Petitioner asserts that his continued civil detention in Respondents' custody violates the Immigration and Nationality Act ("INA") and his due process rights. For the following reasons, the Court grants the Petition.

## I. RELEVANT PROCEDURAL BACKGROUND

Petitioner commenced the instant habeas action by filing a habeas petition *pro se* on September 14, 2026. See *Pro Se* Pet., ECF No. 1-1 (September 14, 2026). On September 15, 2026, the Court appointed counsel for Petitioner and ordered that Federal Respondents produce, *inter alia*, "all immigration court orders in Petitioner's removal proceedings . . . [and] any other records Federal Respondents rely on to justify Petitioner's detention" to Petitioner's Counsel by September 18, 2026. Order Governing Procedures at 3, ECF No. 3 (September 15, 2026). In their return to the Petition, Federal Respondents asserted that Petitioner was subject to "a reinstatement of the May 20, 1998 Order of Removal." Federal Respondents' Response to Order Governing Procedures at 1, ECF No. 5 (September 18, 2026). That May 20, 19978 Order of Removal was not attached to their return, and Petitioner's counsel in their reply stated that "[t]he government did not produce

the expedited removal order from May 20, 1998 that was the purported basis for every reinstatement order against Mr. Padilla. Nor did it produce the Form I-871 reinstating his prior removal order dated May 18, 2011, which was referenced in Respondents' I-213." Reply to Pro Se 28 U.S.C. § 2241 Petition at 5, ECF No. 8 (September 24, 2026). On September 24, 2026, the Court ordered that Federal Respondents must, by September 29, 2026, produce or, alternatively, certify that the following records are not in their possession, custody, or control: (i.) Any and all of Petitioner's alleged removal orders. (ii.) Any and all Form I-871's pertaining to Petitioner. Minute Order, ECF No. 9 (September 24, 2026). To date, Respondents have not produced these records or certified they are not in their possession, custody, or control, nor have they filed requests for extensions of time.

## II. LEGAL STANDARD

The Constitution guarantees the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. CONST., art. I, § 9, cl.2). "Its province, shaped to guarantee the most fundamental of all rights, is to provide an effective and speedy instrument by which judicial inquiry may be had into the legality of the detention of a person." Carafas v. LaVallee, 391 U.S. 234, 238 (1968) (citations omitted). Accordingly, this Court has jurisdiction to grant writs of habeas corpus in the immigration context to noncitizens who are being detained "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); see also Lopez-Marroquin v. Barr, 955 F.3d 759, 759 (9th Cir. 2020) ("[D]istrict courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention . . . .").

The Supreme Court has "insistently said that the power of the federal courts to conduct inquiry in habeas corpus is equal to the responsibility which the writ involves: The language of Congress, the history of the writ, the decisions of this Court, all make clear that the power of inquiry on federal habeas corpus is plenary." Harris v. Nelson, 394 U.S. 286, 292 (1969) (internal citation and quotation marks omitted). Indeed, the purpose of the writ is "to provide a *prompt and efficacious remedy* for whatever society deems to be intolerable restraints." See id. at 291 (citation

omitted) (emphasis added).

Under 28 U.S.C. § 2243, "[a] court . . . entertaining an application for a writ of habeas corpus shall forthwith award the writ *or* issue an order directing the respondent to show cause." Further, the "order to show cause . . . shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed." Id. Courts shall dispose of habeas matters "as law and justice require." Id. The "show cause" provision of 28 U.S.C. § 2243 was designed to avoid a "useless grant of the writ . . . where from undisputed facts or from incontrovertible facts, . . . it appears, as matter of law, no cause for granting the writ exists. On the other hand, on the facts admitted, it may appear that, as matter of law, the prisoner is entitled to the writ and to a discharge." Walker v. Johnston, 312 U.S. 275, 284 (1941). Thus, courts are authorized to grant writs forthwith if, in their return, the government does not controvert the factual causes of a petitioner's detention, and the petitioner is entitled to discharge as a pure matter of law.

## III. DISCUSSION

Petitioner has been detained by Respondents since September 6, 2026, a month before Respondents were required produce the documents relating to his detention. Civil detention, particularly mandatory immigration detention, is only appropriate in special and narrow nonpunitive circumstances, where a special justification outweighs the individual's constitutionally protected interest in avoiding physical restraint. See Zadvydas v. Davis, 533 U.S. 678, 690 (2001). In other words, the government bears the burden to justify the lawfulness of civil detention, and such detention must be lawful at its inception and reasonably related to its purpose. See id. Accordingly, the government must also provide ample procedural protections to those it chooses to detain. See Mathews v. Eldridge, 424 U.S. 319, 333 (1976). In the *mandatory* immigration detention context, those procedural protections include specific documentation—such as orders of removal and notices of reinstatement. See generally 8 C.F.R. § 241.8. These documents provide legal authorization for detention. See id. Respondents must properly execute and maintain control of these documents in order for Petitioner's detention to be lawful. The Court thus assumes

Respondents have reviewed the documentation governing Petitioner's detention and have those documents in their possession.

The historical purpose of the habeas statute was "to challenge the authority of the sovereign to detain the prisoner." Pinson v. Carvajal, 69 F.4th 1059, 1069 (9th Cir. 2023) (citation omitted). After the Civil War, the writ became a means to challenge unlawful confinement, including where, *inter alia*, detention was based on a defective instrument. See id. at 1070. Put simply, the writ is a way to challenge custody that is "*not authorized to begin with*." Id. (emphasis in original). "[T]he writ is intended to be a swift and imperative remedy in all cases of illegal restraint or confinement . . . . [t]he writ of habeas corpus, challenging illegality of detention, is reduced to a sham if . . . trial courts do not act within a reasonable time" Yong v. I.N.S., 208 F.3d 1116, 1120 (9th Cir. 2000) (internal quotation marks and citation omitted). It is for these reasons that courts are authorized to "forthwith award the writ." 28 U.S.C. § 2243.

Respondents bear a heavy burden to justify Petitioner's civil detention. See Zadvydas, 533 at 690. They have had ample time to collect the documents and provide the justification *required* to lawfully authorize Petitioner's detention and respond to this Court's Order. However, to date, Respondents have failed to produce the required documents, despite having significantly more time than contemplated by the habeas statute to do so. See 28 U.S.C. § 2243. Indeed, in his Petition, Petitioner has alleged that his detention raises significant statutory and due process concerns. Respondents have not addressed those potential violations. See Reynoso v. Giurbino, 462 F.3d 1099, 1110 (9th Cir. 2006) (the government is "is bound by its concessions").

Thus, given the continuing harm to Petitioner as he remains in detention, the Court awards the writ forthwith. Because Federal Respondents have not provided lawful justification or documentation for Petitioner's detention, the Court finds immediate release from custody is the only appropriate remedy. Cf. Burnett v. Lampert, 432 F.3d 996, 999 (9th Cir. 2005) ("Federal courts have a fair amount of flexibility in fashioning specific habeas relief."); Preiser v. Rodriguez, 411 U.S. 475, 498 (1973) (stating that immediate or speedier release from incarceration is "the heart of habeas corpus).

## IV. CONCLUSION

Therefore, **IT IS HEREBY ORDERED** Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1-1) is **GRANTED**.

Respondents must **RELEASE** Petitioner from detention on **November 6, 2026**, between the hours of **12:00 P.M. and 3:00 P.M.** Counsel for Petitioner—and/or their agent—must be permitted to wait for Petitioner in the lobby of the Federal Justice Tower during this release window.

**IT IS FURTHER ORDERED** Petitioner must be released on his own recognizance. Thus, Respondents are prohibited from imposing release conditions that substantially interfere with Petitioner's liberty, such as electronic monitoring, without having established the reasonableness of those restrictions, by clear and convincing evidence, at a pre-deprivation hearing.

**IT IS FURTHER ORDERED** Respondents must **RETURN** Petitioner's personal property, including personal identification and employment authorization documents, **UPON HIS RELEASE**.

**IT IS FURTHER ORDERED** the Parties must file a joint status report by **November 9, 2026**, confirming Respondents' compliance with this Order including (i) the date and time of Petitioner's release; (ii) compliance with this Court's directives concerning release on personal recognizance; and (iii) the return of Petitioner's personal property.

The Court will consider contempt sanctions against any, and all, officials who fail to comply with this Order.

The Clerk of Court is kindly instructed to enter judgment accordingly and close this case. The Court retains jurisdiction to enforce its order and judgment. To that end, Petitioner may move to re-open this case without filing a new action.

**DATED:** November 5, 2026.

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**